1  TRACY L. WILKISON
   Acting United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE S. OSINOFF
4  Assistant United States Attorney
   Chief, General Civil Section
5  TALYA M. SEIDMAN (Cal. Bar No. 336534)
   Assistant United States Attorney
6        Federal Building, Suite 7516
         300 North Los Angeles Street
7        Los Angeles, California 90012
         Telephone: (213) 894-7137
8        Facsimile: (213) 894-7819
         E-mail: Talya.Seidman@usdoj.gov
9
   Attorneys for Defendant
10 UNITED STATES OF AMERICA

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                   WESTERN DIVISION

14 JOHN AUGUST,                          No. 2:21-cv-02635-DSF-PVC

15                                       **DEFENDANT UNITED STATES OF**
                                         **AMERICA'S NOTICE OF MOTION**
16            Plaintiff,                 **AND MOTION TO DISMISS;**
                                         **MEMORANDUM OF POINTS &**
17                                       **AUTHORITIES IN SUPPORT**

18            v.                         (Concurrently Filed with [Proposed] Order)

19                                       Hearing Date:   November 15, 2021
                                         Hearing Time:   1:30 p.m.
20 UNITED STATES OF AMERICA,             Ctrm:           7D
                                         Hon.            Dale S. Fischer
21            Defendant.

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on November 15, 2021 at 1:30 p.m., or as soon thereafter as he may be heard, Defendant United States of America ("United States") will, and hereby does, move under Federal Rule of Civil Procedure 41(b) to dismiss this case in its entirety. This motion will be made in the First Street Federal Courthouse, Courtroom 7D before the Honorable Dale S. Fischer, United States District Judge, located at 350 W. 1st Street, Los Angeles, CA 90012.

The United States brings the motion under Federal Rule of Civil Procedure 41(b) on the grounds that Plaintiff John August ("Plaintiff") failed to timely file an amended complaint following the Court's order granting the United States' motion to dismiss with leave to amend. *See* Dkt. 18.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of the parties pursuant to L.R. 7-3 which took place telephonically and over email on October 7, 2021.

Dated: October 15, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

 /s/ *Talya M. Seidman*
TALYA M. SEIDMAN
Assistant United States Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

i

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On June 10, 2021, the Court granted the United States' motion to dismiss and provided Plaintiff until July 2, 2021 to file an amended complaint. Dkt. 18. As of the date of this filing, Plaintiff has not filed an amended complaint. As a result, the United States respectfully requests that the Court grant this motion and dismiss this matter with prejudice.

### II.   ARGUMENT

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise," such a dismissal "operates as an adjudication on the merits." *Id.* This provision applies to a plaintiff's failure to amend or otherwise communicate its intentions to amend prior to a deadline set by the Court. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum— either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal."); *see also Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir. 1999).

Before a district court dismisses an action for noncompliance with an order, it must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (internal quotation marks omitted)). The balance of these factors favors dismissal.

The first factor, the public's interest in the expeditious resolution of litigation, "always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The second factor, the Court's need to manage its docket, also favors dismissal. *See id*. at 644 (noting "the need of the district court in the Central District of California to manage its huge caseload.") (Trott, J., concurring); *Edwards*, 356 F.3d at 1065 (noting that when a plaintiff does nothing, "resources continue to be consumed by a case sitting idly on the court's docket").

As to the third factor, "[a] rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action." *Murphy v. Dep't of Children & Family, Services*, No. CV 15-05347-JLS (AJW), 2016 WL 183047, at *3 (C.D. Cal. Jan. 14, 2016). Plaintiff has made no showing to rebut this presumption here.

Although the United States recognizes the public policy favoring disposition of cases on the merits and the potential for a less drastic sanction, here, it has been three-and-a-half months since the deadline to amend has expired. Dkt. 18. Even after counsel met and conferred with Plaintiff, Plaintiff has chosen not to file an amended complaint in compliance with the Court's June 10, 2021, Order.

The five-factor test for dismissal is a disjunctive balancing test, so not all five factors must support dismissal. *See Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). That said, all five are met here. The United States therefore respectfully requests that the Court dismiss this action under Federal Rule of Civil Procedure 41(b).

## III.   CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court grant this motion and dismiss this matter with prejudice.

Dated: October 15, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

_/s/ Talya M. Seidman_
TALYA M. SEIDMAN
Assistant United States Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

3